UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                                     Criminal Action No.
                                                                13-cr-20248
v.
                                                                HON. MARK A. GOLDSMITH

STEVEN SCOTT SMILEY, JR.

       Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO VACATE SENTENCE UNDER 28 U.S.C. § 2255 (Dkt. 50) AND DENYING A CERTIFICATE OF APPEALABILITY**

**I. INTRODUCTION**

Before the Court is Defendant Steven Scott Smiley, Jr.'s motion to vacate sentence, pursuant to 28 U.S.C. § 2255 (Dkt. 50). Defendant argues that he is innocent of the crime for which he was convicted, felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Defendant does not dispute that he possessed the firearm. Rather, Defendant claims that the 2007 state-court conviction that purportedly made it a federal crime for him to possess the gun in 2012 should not have counted, because he never served more than a year in jail. Id. at 5 (cm/ecf page). The Court now denies Defendant's motion, because it concludes Defendant misreads the applicable provision and cited authority.[1]

**II. BACKGROUND**

A federal grand jury returned an indictment against Defendant on April 3, 2013, charging him with three counts of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

---

[1] Because the Court denies Defendant's motion on the merits, it does not address the Government's alternative argument that Defendant waived his right to assert this claim via his Rule 11 plea agreement.

1

Indictment (Dkt. 10). The charges were based on three separate occasions of Defendant allegedly having possessed firearms. Id. The underlying conviction that purportedly made each of these instances of possession illegal was a January 26, 2007 conviction in Genesee County Circuit Court for carrying a concealed weapon. Id.

Defendant subsequently pled guilty pursuant to the terms of a Rule 11 plea agreement entered into between himself and the Government. Plea Agreement (Dkt. 25). Under the plea agreement, Defendant agreed to plead guilty to count two, and the Government agreed to dismiss counts one and three. That agreement also set forth the following stipulated facts:

> On September 12, 2012, defendant knowingly possessed a firearm in the City of Flint, Eastern District of Michigan. Defendant was prohibited from possessing the firearm as he had been convicted of a crime punishable by a term of imprisonment for more than one year. Specifically, on or about January 26, 2007, defendant was convicted of carrying a concealed weapon in the 7th Circuit Court, Genesee County, a felony. Additionally, the firearm was manufactured outside the State of Michigan, and therefore crossed a state line prior to defendant's possession of it.

Id. at 2.

The Court sentenced Defendant to 71 months of imprisonment on January 21, 2014. See Judgment (Dkt. 49). Defendant filed the instant motion to vacate on August 20, 2014 (Dkt. 50). The Government filed a response (Dkt. 54), and Defendant filed a reply (Dkt. 55).

### III. 28 U.S.C. § 2255 STANDARD

This motion is brought pursuant to 28 U.S.C. § 2255, which provides in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

To prevail on a section 2255 motion, "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." Humphress v. United States, 398 F.3d 855, 858 (6th Cir. 2005) (internal citation omitted). Non-constitutional errors are generally outside the scope of section 2255 relief. See United States v. Cofield, 233 F.3d 405, 407 (6th Cir. 2000). A movant can prevail on a section 2255 motion alleging non-constitutional error only by establishing "a fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." Watson v. United States, 165 F.3d 486, 488 (6th Cir. 1999) (internal citation omitted).

A court should grant a hearing to determine the issues and make findings of fact and conclusions of law on a section 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No hearing is required if the petitioner's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Valentine v. United States, 488 F.3d 325, 333 (6th Cir. 2007) (quoting Arredondo v. United States, 178 F.3d 778, 782 (6th Cir. 1999)). "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing § 2255 Cases, Rule 4(b).

## IV. DISCUSSION

The sole argument raised by Defendant is that his 2007 conviction is purportedly "inapplicable as [he] was not sentenced to a term of imprisonment which exceeded one year."

3

Def. Mot. at 5 (cm/ecf page). Therefore, Defendant claims that he is actually innocent of having violated 18 U.S.C. § 922(g)(1). Id. The Court rejects this argument as meritless.

The felon-in-possession-of-firearm statute, 18 U.S.C. § 922(g)(1), makes it unlawful for any person "who has been convicted in any court of . . . a crime punishable by imprisonment for a term exceeding one year . . . to . . . possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." Defendant does not dispute that he was convicted in Genesee County Circuit Court in 2007 for carrying a concealed weapon. Nor does he dispute that he was sentenced to 182 days in jail and 18 months' probation for that crime. See Def. Reply at 2. Rather, Defendant claims this conviction does not qualify under 18 U.S.C. § 922(g)(1), because he was not sentenced to imprisonment for a term exceeding one year. See id. ("Petitioner argues that, he challenges only the prerequisite of having served a 'term of imprisonment' exceeding 1-year." (emphasis in original)).

The trouble with Defendant's argument, however, is that he is confusing punishable with punished. Carrying a concealed weapon in violation of Mich. Comp. Laws § 750.227 is a felony punishable by a maximum term of imprisonment of five years. Therefore, when convicted of this crime, Defendant faced a potential punishment of up to five years' imprisonment, even though he only received 182 days in jail.

As courts have explained, it is the maximum term of imprisonment the defendant faced, not received, that matters for purposes of 18 U.S.C. § 922(g)(1). See United States v. Davis, 27 F. App'x 592, 595 (6th Cir. 2001) ("[T]he provisions of 18 U.S.C. § 922(g)(1) do not require that a defendant's prior sentence involve actual prison time in excess of one year. . . . Although [the defendant] did not receive the lengthiest sentence permitted, the defendant was subject to being

4

sentenced for his crimes to a prison term of up to 18 months." (emphasis in original)); Penney v. United States, No. 04-cr-36, 2013 WL 6094457, at *13 (E.D. Tenn. Nov. 20, 2013) ("Section 922(g)(1) does not look to the actual sentence imposed but to the potential maximum punishment under the statute."); Mayes v. United States, No. 11-cv-01026, 2014 WL 3783894, at *4 (M.D. Tenn. July 31, 2014); see also United States v. Cozart, 496 F. App'x 280, 283 (4th Cir. 2012) ("Cozart's actual sentence of 10 to 12 months' imprisonment was not determinative of the issue whether he had been convicted of a crime 'punishable by imprisonment for a term exceeding one year[,]' . . . because he could have been sentenced for that prior conviction to a term of up to 13 months' imprisonment."); United States v. Carr, 513 F.3d 1164, 1166 (9th Cir. 2008) ("The term by which a crime is 'punishable' is determined by the statutory maximum punishment, not the actual term imposed or served."); White v. United States, No. 13-cv-917, 2014 WL 6685396, at *2 (M.D. Ala. Nov. 25, 2014) (same); Johnson v. United States, 09-cr-00205, 2013 WL 6633953, at *3-4 (S.D. W. Va. Dec. 17, 2013) ("The provisions of 18 U.S.C. § 922(g)(1) do not require that the defendant's prior sentence involve actual prison time in excess of one year. Whether or not the offender served any prison time at all is irrelevant."); Schrader v. Holder, 831 F. Supp. 2d 304, 310 n.4 (D.D.C. 2011) (collecting cases). Therefore, the fact that Defendant actually received less than one year of imprisonment is irrelevant in light of the fact that he faced up to five years' imprisonment for the conviction.

Defendant, citing United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) and United States v. Pruitt, 545 F.3d 416 (6th Cir. 2008), claims that courts must look at "what actually took place, and not hypothetically what could have happened." Def. Reply at 3. However, Defendant's reliance on these cases is misplaced. In Simmons and Pruitt, the courts analyzed the effect of a statutory scheme in which the applicable maximum punishment varied depending on

characteristics unique to the defendant. For example, in <u>Simmons</u>, the Fourth Circuit analyzed North Carolina's statutory scheme, which changed the maximum statutory penalty a defendant faced depending on a number of factors, including the classification of the offense, the defendant's prior record level, and the presence or absence of aggravating or mitigating factors. In such a scenario, the <u>Simmons</u> court held that a district court could not look to the maximum term of imprisonment a hypothetical defendant could have received, such as a defendant guilty of the aggravated offense or with a substantial criminal record. Instead, district courts must look at the maximum sentence that could have been imposed on a person with the defendant's particular criminal history and level of aggravation to determine whether the offense was "punishable by imprisonment for a term exceeding one year." <u>Simmons</u>, 649 F.3d at 244-245.

The Sixth Circuit similarly explained in <u>Pruitt</u> that, under North Carolina's sentencing scheme,

> the maximum sentence authorized for a Class I felony depends on the prior record level of each defendant. A defendant who has a prior record of less than V cannot be sentenced to a term of imprisonment exceeding one year, regardless of whether he or she is sentenced in the aggravated, presumptive, or mitigated sentencing range. . . . Thus, under the North Carolina scheme, a defendant's criminal history has a significant effect on the maximum sentence authorized, and it was error for the district court not to consider Pruitt's prior record level in determining whether Pruitt's convictions were for an offense 'punishable' by a term of imprisonment exceeding one year.

545 F.3d at 422-423.

This is not to say, however, that the actual punishment the defendant received is what matters for purposes of 18 U.S.C. § 922(g)(1). Rather, as explained by the Fourth Circuit in <u>United States v. Kerr</u>, 737 F.3d 33, 37-38 (4th Cir. 2013), a post-<u>Simmons</u> decision, "The maximum sentence the particular defendant faced — not the sentence actually imposed — control[s] whether the defendant ha[s] a qualifying predicate felony." Indeed, the Fourth Circuit

6

expressly stated in Kerr that, "[f]ollowing our decision in Simmons, we have rejected defendants' arguments that they lack the requisite predicate felonies because the actual sentence they received under North Carolina law was less than a year of imprisonment. . . . In [those] cases, the defendant was exposed to a sentence in excess of one year even though he actually received a sentence of less than one year." Id. (emphasis in original) (internal citations omitted).

Here, the Michigan statute at issue sets a maximum term of imprisonment of five years. See Mich. Comp. Laws § 750.227. Unlike the North Carolina statutes in Simmons and Pruitt, this statutory maximum is not dependent on a defendant's particular characteristics. Therefore, because Defendant was exposed to a possible term of imprisonment of more than one year for his 2007 conviction, that conviction properly served as an underlying offense for his 18 U.S.C. § 922(g)(1) conviction, regardless of the actual sentence he received or served. See Cozart, 496 F. App'x at 282-283 (explaining that Simmons does not apply if the maximum punishment the actual defendant faced exceeded one year, regardless of the actual punishment received); see also United States v. Brown, No. 08-cr-106, 2013 WL 2145786, at *2 (W.D. Mich. May 15, 2013) (rejecting a defendant's reliance on Simmons and Pruitt because, "[u]nlike the defendants in those cases, [the defendant] cannot show that the statutory maximum punishment for his predicate conviction . . . depended on or would have been affected by his record or any other factual finding"); Albo v. United States, 498 F. App'x 490, 496-497 (6th Cir. 2012) ("This case is easily distinguished from Pruitt because it does not involve a statute similar to the North Carolina statute at issue in that case. . . . The maximum sentence [the defendant] was facing . . . did not depend on his prior record or any other factor.").

Accordingly, the Court rejects Defendant's argument of innocence based on his sentence of less than one-year's imprisonment on the underlying conviction; the actual sentence to which he was exposed exceeded the one-year requirement.

## V. CERTIFICATE OF APPEALABILITY

Because Defendant's claim for relief lacks merit, the Court will also deny a certificate of appealability. To obtain a certificate of appealability, a petitioner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could conclude that the petition should have been resolved in a different manner, or that the issues presented were adequate enough for encouragement to proceed further. See Slack v. McDaniel, 529 U.S. 473, 483–484 (2000). For the reasons stated above, the Court will deny Defendant a certificate of appealability because reasonable jurists could not find this Court's assessment of his claims debatable.

## VI. CONCLUSION

For the foregoing reasons, the Court denies Defendant's Motion to Vacate Sentence Under 28 U.S.C. § 2255 (Dkt. 50).

SO ORDERED.

Dated: January 26, 2015         s/Mark A. Goldsmith
    Detroit, Michigan        MARK A. GOLDSMITH
       United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 26, 2015.

       s/Johnetta M. Curry-Williams
       Case Manager